UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY KENNETH HAIRE,

    Petitioner,

v.

    Case No. 13-14756
    HON. TERRENCE G. BERG
    HON. MICHAEL J. HLUCHANIUK

CARMEN D. PALMER,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING
THE PETITION FOR WRIT OF HABEAS CORPUS;
DENYING A CERTIFICATE OF APPEALABILITY; AND
<u>DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Petitioner Jeremy Kenneth Haire is a state prisoner currently housed at the Michigan Reformatory in Ionia, Michigan. He recently filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. Because Petitioner's only claim is not cognizable on habeas review and is meritless, the petition must be dismissed.

## I.    BACKGROUND

In 2010, Petitioner pleaded guilty in Bay County, Michigan to one count of assault with intent to commit criminal sexual conduct in the second degree, MCL 750.520g(2), and to being a habitual offender third, MCL 769.11. The trial court initially sentenced Petitioner to probation, but Petitioner violated the conditions of that probation by, among other things, "threatening [his girlfriend], assaulting her … and causing mental anguish to her by threatening to kill her dog, and then when

things didn't go [his] way, [he] killed the dog in just a brutal fashion." (Dkt. 1, Pet., CM/ECF pp. 26-27) (quoting sentencing tr.). The trial court subsequently re-sentenced Petitioner on his original offense to a term of imprisonment for 66 to 120 months (five and a half to ten years) with credit for 476 days. Petitioner appealed his sentence on the ground that it exceeded the sentencing guidelines and that the extent of the departure from the guidelines was disproportionate. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," *People v. Haire*, No. 309851 (Mich. Ct. App. June 19, 2012), and on November 20, 2012, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Haire*, 493 Mich. 895; 822 N.W.2d 782 (2012).

On November 18, 2013, Petitioner filed the instant petition, seeking a writ of habeas corpus. His sole claim for relief is that the trial court's upward departure from the Michigan sentencing guidelines violated his constitutional right to due process and was not supported by substantial and compelling reasons.

## II. STANDARD OF REVIEW

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. ---, ---, 131 S. Ct. 770, 783 (2011). Pursuant to § 2254, state

2

prisoners are not entitled to a writ of habeas corpus unless the state court's adjudication of their claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., opinion of the Court for Part II).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and

3

comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

### III. DISCUSSION

Petitioner alleges that the trial court's upward departure from the state sentencing guidelines was not supported by substantial and compelling reasons and was disproportionately harsh. Petitioner further alleges that the departure from the sentencing guidelines violated his right to due process under the Fourteenth Amendment to the Constitution of the United States.

### A. The State Law Argument

The contention that the trial court lacked a substantial and compelling reason for departing from the guidelines is based on state law. As explained in *People v. Lucey*, 287 Mich. App. 267; 787 N.W.2d 133 (2010),

> a trial court is generally required to impose a minimum sentence in accordance with the appropriate sentence range. MCL 769.34(2). A court may depart from the range set forth in the guidelines if it states on the record a substantial and compelling reason for doing so. MCL 769.34(3); *People v. Harper*, 479 Mich. 599, 616, 739 N.W.2d 523 (2007).

*Lucey*, 287 Mich. App. at 269-270; 787 N.W.2d at 136-37.

"[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984), and *Rose v. Hodges*, 423 U.S. 19, 21-22 (1975) (*per curiam*)). Consequently, Petitioner is not entitled to habeas corpus relief on the basis that the trial court allegedly lacked substantial and compelling reasons for exceeding the state sentencing guidelines.

Petitioner is entitled to habeas relief only if he is in custody in violation of federal law.  28 U.S.C. § 2254(a).

**B.     The Due Process Argument**

In addition to his state law argument, Petitioner alleges a violation of his constitutional right to due process.  He argues that he was entitled, as a matter of due process, to be sentenced on the basis of legally and factually correct information.

The Supreme Court has invalidated sentences founded on "misinformation of constitutional magnitude," *United States v. Tucker*, 404 U.S. 443, 447 (1972), or on "extensively and materially false" information that the prisoner had no opportunity to correct through counsel, *Townsend v. Burke*, 334 U.S. 736, 741 (1948).  Here, Petitioner asserts that the trial court's rationale for departing from the sentencing guidelines was erroneous.  Specifically, Petitioner disputes the trial court's findings that (1) Petitioner's guideline scoring did not fully take account of his prior criminal record score, and (2) the guidelines for Petitioner's destruction of property offense did not adequately reflect that the "property" destroyed in the case was "a living thing, a little puppy that was killed without reason."  Petitioner maintains both that the guideline scoring placed him into the correct grid and that animals are considered property under state law, such that any departure based on harm to a living thing is improper as a matter of law.

5

The state sentencing transcript, which is quoted in part in Petitioner's state appellate brief (which is itself attached to Petitioner's habeas petition), indicates that the trial court's comments about the dog and the prior record guidelines score were made in the course of imposing a sentence for the new offenses Petitioner committed while on probation. That was case number 11-10559. At the same time, the trial court re-sentenced Petitioner for his original offense in case number 09-11029. Petitioner is only challenging the sentence imposed on the original offense (09-11029). In making an upward departure upon resentencing, the trial court based its decision on the fact that Petitioner had violated his probation in a particularly violent way. Because Petitioner is only challenging the sentence imposed in case 09-11029, the alleged errors he cites regarding incorrect application of the state sentencing guidelines to the new offenses in case 11-10559 are not relevant. Further, even if, as Petitioner contends, the trial court was using the same rationale in both files, there is "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).

Moreover, although Petitioner's sentence apparently exceeded the recommended guideline range, he concedes that his sentence does not exceed the maximum sentence allowed under state law.[1] So long as a "sentence remains

---

[1] The maximum sentence for assault with intent to commit criminal sexual conduct in the second degree is five years. Mich. Comp. Laws § 750.520g(2). Petitioner, however, was sentenced as a habitual offender, third offense. Consequently, the maximum penalty was doubled. *See* Mich. Comp. Laws § 769.11(1)(a): "If the subsequent felony is punishable upon a first conviction by imprisonment for a term less than life, the court . . . may sentence the person to imprisonment for a maximum term

6

within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). The Court therefore rejects Petitioner's due process argument.

C. **The Proportionality Argument**

Petitioner's final argument is that his sentence was disproportionately harsh. This claim lacks merit because a plurality of the Supreme Court has stated that the Constitution "contains no proportionality guarantee." *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). And the contention that the sentence was disproportionate under state case law is not a basis for habeas corpus relief. *Lewis v. Jeffers*, 497 U.S. at 780; *Pulley v. Harris*, 465 U.S. at 41.

IV. **CONCLUSION**

Petitioner's right to due process was not violated because the state trial court did not rely on false information which Petitioner had no opportunity to correct through counsel. In addition, there is no federal constitutional right to a proportionate sentence. Consequently, the state appellate court's determination that Petitioner's claim lacked merit is not so lacking in justification that there was an error beyond any possibility for fairminded disagreement. Accordingly, the petition for a writ of habeas corpus (Dkt. 1) is **SUMMARILY DISMISSED WITH**

---

that is not more than twice the longest term prescribed by law for a first conviction of that offense or for a lesser term."

**PREJUDICE**.  This dismissal is entered pursuant to Rule 4 of the Rules Governing Section 2254 cases, which "allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court.'"  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## V.     CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a district or circuit judge must issue a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  When, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. at 484.

Reasonable jurists would not find the Court's assessment of Petitioner's claim debatable or wrong, nor conclude that Petitioner's arguments deserve encouragement to proceed further.  The Court therefore declines to grant a

certificate of appealability. If Petitioner nevertheless chooses to appeal this Court's decision, he may not proceed *in forma pauperis* on appeal, because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

Dated: December 24, 2013       s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on December 24, 2013, using the CM/ECF system; a copy of this Order was also mailed to the Michigan Reformatory, 1342 West Main Street, Ionia, Michigan 48846, addressed to Petitioner's attention.

                               s/A. Chubb
                               Case Manager